IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARKER-HANNIFIN CORPORATION, and PARKER INTANGIBLES, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 07-cv- 00266-*** ) |
| SCHLEGEL ELECTRONIC MATERIALS, INC., | ) ) ) |
| Defendant. | ) ) |
| SCHLEGEL ELECTRONIC MATERIALS, INC., | ) ) ) |
| Counterclaimant, | ) ) ) |
| v. | ) ) |
| PARKER-HANNIFIN CORPORATION, | ) ) |
| Counter-Defendant. | ) |

## UNOPPOSED MOTION FOR ADMISSION *PRO HAC VICE* PURSUANT TO LOCAL DISTRICT COURT RULE 83.5

Pursuant to Local Rule 83.5 and the attached certification, counsel for Plaintiff moves the admission *pro hac vice* of Steven A. Nash, Esquire ("Mr. Nash"), of the law firm of Connolly Bove Lodge & Hutz LLP ("Connolly Bove"), 1007 North Orange Street, P.O. Box 2207, Wilmington, Delaware, 19899, to represent Plaintiff, Parker-Hannifin Corporation, in this matter. This motion is similar to the motion for admission *pro hac vice* of Mr. Nash recently filed (and approved) in Parker-Hannifin Corp. v. Seiren Co. Ltd. (Civil Action No. 1:07-cv-00104-***, Docket Entry No. 22). See FN 1. Counsel for Defendant, Schlegel Electronic Materials, Inc., does not oppose this Motion.

By way of background, Mr. Nash worked as a licensed attorney in Philadelphia, Pennsylvania, from December 2000 to August 2007 and remains a resident of Pennsylvania and a member in good standing of the Bar of Pennsylvania. He recently relocated to the Wilmington office of Connolly Bove with the intention of taking the Delaware Bar Exam at the earliest opportunity (in July 2008).

Local Rule 83.5(c) provides for the admission of attorneys licensed in another jurisdiction who are not admitted to practice by the Supreme Court of Delaware. The rule states that, unless otherwise ordered by the Court, an attorney is not eligible for permission to practice *pro hac vice* if the attorney is regularly employed in Delaware. The language "unless otherwise ordered" allows the Court discretion to grant *pro hac vice* status to an attorney who is admitted in another jurisdiction, but regularly employed in Delaware, under the appropriate circumstances.

It is respectfully submitted that the Court should exercise its discretion in favor of permitting *pro hac vice* admission to a lawyer who is licensed and in good standing in another jurisdiction, who has recently relocated to Delaware, and who is planning to take the bar examination in Delaware at the first available opportunity, particularly where, as here, such lawyer would be supervised by the undersigned licensed Delaware counsel in this matter pending his admission to the Delaware Bar. Such a ruling would be consistent with the Model Rules of Professional Conduct of the American Bar Association (the "Model Rules"), which govern attorneys admitted before this Court pursuant to Local Rule 83.6(d). Model Rule 5.5(d)(2) permits an attorney not admitted generally in a jurisdiction to provide legal services therein that "are services that the lawyer is authorized to provide by federal law...." Comment [18] to Model Rule 5.5 explains that

under Rule 5.5(d)(2), a lawyer may provide legal services "when authorized to do so by federal or other law, which includes ... court rule". Thus, should this Court exercise its discretion to admit Mr. Nash *pro hac vice* pursuant to Local Rule 83.5, such admission would fall within recognized permissible federal local rule practice under Model Rule 5.5, and also under the Delaware Lawyers' Rules of Professional Conduct, which adopted Model Rule 5.5 verbatim.

Such admission, on a temporary basis under the supervision of a member of the Delaware Bar, finds support in analogous circumstances. For example, under Model Rule 5.5(c)(1), a lawyer in good standing in another jurisdiction may provide legal services in this jurisdiction on a temporary basis provided that they are undertaken "in association with a lawyer who is admitted to practice in this jurisdiction and who actively participates in the matter." Comment [6] to Model Rule 5.5(c)(1) notes that there is no single test to determine whether a lawyer's services are provided on a temporary basis in a jurisdiction, but explains that services may be temporary "even though the lawyer provides services in this jurisdiction on a recurring basis, or for an extended period of time, as when a lawyer is representing a client in a single lengthy negotiation or litigation."[1] This Rule recognizes that "the interests of clients and the public are protected if a lawyer admitted only in another jurisdiction associates with a lawyer licensed to practice in this jurisdiction", so long as the locally licensed lawyer "actively

---

[1] Mr. Nash was admitted *pro hac vice* in a related case styled Parker-Hannifin Corp. v. Seiren Co. Ltd. (Civil Action No. 1:07-cv-00104-***) on September 26, 2007. Plaintiff is concurrently filing a similar motion in Parker-Hannifin Corp. v. Zippertubing (Japan), LTD. (Civil Action No. 1:06-cv-00751). Each of these cases share similar issues with the present case and include common patents-in-suit.

participate[s] in and share[s] responsibility for the representation of the client." Model Rule 5.5, cmt. [8].

The ABA Final Report of the Commission on Multijurisdictional Practice adopted by the House of Delegates on August 12, 2002 ("ABA Commission Report" or "Report") (available on the Internet at www.abanet.org/cpr/mjp/final_mjp_rpt_121702.pdf) sets forth Model Rule 5.5 and further explains the role of an out-of-state lawyer practicing on a temporary basis. The ABA Commission Report explains that the Rule "promote[s] the client's interest in counsel of choice", while at the same time adequately serving "the state's regulatory interest in protecting the interests of both clients and the public" by requiring the active involvement of an in-state lawyer. Report, p 24. In discussing the "temporary basis" for which an out-of-state lawyer may serve, the Report notes that "a lawyer may be brought into [an] office with the expectation that the lawyer will obtain admission to that state's bar, but the admissions process may take several months or longer to achieve." Report, note 36.

Although the discussion of Model Rule 5.5 does not explicitly state that an out-of-state lawyer working for a limited time while waiting to obtain admission to the bar would qualify as a "temporary basis", the discussion supports the idea by drawing a distinction between such activity and a lawyer who takes up an "extended residence in a law office in a jurisdiction in which [the lawyer is] not licensed, because the intended presence in the jurisdiction will not be 'temporary.'" Report, note 36.

A later section of the ABA Commission Report discusses a Model Rule for *Pro Hac Vice* Admission. While the Model *Pro Hac Vice* Rule has not been adopted in Delaware, it sheds further light on the meaning of "temporary basis" as the term is used

in the Report and in Rule 5.5. The Model *Pro Hac Vice* Rule provides that "[a]n out-of-state lawyer will only be eligible for admission *pro hac vice* or to practice in another lawful way only on a temporary basis." Model Rule on *Pro Hac Vice* Admission (H), Report p 44. The applicable discussion explains that as an exception "to the general restriction on *pro hac vice* admission of lawyers who establish offices in and reside in the jurisdiction, the rule would allow admission of lawyers who have recently established a connection to the state and who are promptly and diligently pursuing an initial application for general admission to its bar". Report p 47. Thus, the "temporary basis" exception provided by Rule 5.5 is intended to encompass the situation where a lawyer relocates to a new state where the lawyer is not licensed and is preparing to take the Bar Exam.

Counsel is aware of one ethics opinion interpreting Rule 5.5 and its Comments. In that instance, the Arkansas Professional Ethics Committee ("APEC") explored the circumstance of a lawyer, who is not admitted to practice in Arkansas, but is a member of an Arkansas-based law firm. Therein, APEC noted that this situation could arise when a lawyer makes a lateral move to the Arkansas firm and is waiting to take the Arkansas Bar Exam. APEC Advisory Opinion 2004-03, available on the Internet at http://www.arkbar.com/resources/Advisory%20Opinion_04-03.htm. After discussing the Rule and associated Comments, APEC concluded that the Arkansas firm "may associate the non-Arkansas attorney for a reasonable period of time, during which time the non-Arkansas attorney should make the transition to become a member of the Arkansas Bar." Advisory Opinion at 3.

Much like the situations discussed in the ABA Commission Report and the APEC Advisory Opinion, Mr. Nash is now employed in Delaware because he recently relocated from a Philadelphia firm to the Wilmington office of Connolly Bove. Prior to joining Connolly Bove, Mr. Nash had continuously practiced law as a licensed attorney in Pennsylvania since 2000. He is a member in good standing of the Bar of the Supreme Court of Pennsylvania (since 2000), the Federal District Court for the Eastern District of Pennsylvania (since 2001) and is registered to practice before the United States Patent and Trademark Office (since 2000). As required by the Rule, Mr. Nash has never been disbarred or suspended from practice in any jurisdiction.

Mr. Nash is not only experienced in patent prosecution and litigation, but also has extensive experience representing clients in patent matters involving material science and chemical issues, which experience qualifies Mr. Nash particularly well to assist Plaintiff in the instant matter. Mr. Nash also graduated at the top 1% of his class from Widener University School of Law in Wilmington in 2000. The services performed by Mr. Nash will be undertaken in association with the undersigned Delaware counsel and other Delaware counsel, who will actively participate in this matter and will share responsibility for the client's representation. Thus, the undersigned respectfully requests that Mr. Nash be deemed qualified for admission *pro hac vice* in this matter under Local Rule 83.5(c), at least until he has an opportunity to be admitted to the Bar of the State of Delaware.

Additionally, undersigned counsel knows Mr. Nash to be of good moral character and to have the legal skill and technical knowledge to assist Plaintiff in this matter. For

these reasons, counsel respectfully requests that this Honorable Court admit Mr. Nash *pro hac vice* in accordance with Local Rule 83.5(c).

CONNOLLY BOVE LODGE & HUTZ LLP

*/s/ Francis DiGiovanni*
Francis DiGiovanni (#3189)
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Tel: (302) 658-9141

*Attorney for Plaintiff, Parker-Hannifin Corporation*

Dated: October 19, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARKER-HANNIFIN CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-cv- 00266-*** |
| ) | |
| SCHLEGEL ELECTRONIC MATERIALS, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| SCHLEGEL ELECTRONIC MATERIALS, INC., ) | |
| ) | |
| Counterclaimant, ) | |
| ) | |
| vi. ) | |
| ) | |
| PARKER-HANNIFIN CORPORATION, ) | |
| ) | |
| Counter-Defendant. ) | |

## ORDER GRANTING MOTION

IT IS HEREBY ORDERED this ___ day of _____, 2007, that counsel's motion for admission *pro hac vice* of Steven A. Nash, Esquire, is granted.

_____
United States Magistrate Judge

**CERTIFICATION BY COUNSEL TO BE ADMITTED *PRO HAC VICE***

Pursuant to Local Rule 83.5, I certify that I am eligible for admission to this Court, am admitted, practicing and in good standing as a member of the Bar of Pennsylvania and pursuant to Local Rule 83.6 submit to the disciplinary jurisdiction of this Court for any alleged misconduct which occurs in the preparation or course of this action. I also certify I am generally familiar with this Court's Local Rules. In accordance with the Standing Order for District Court Fund effective January 1, 2005, I further certify that the annual fee of $25.00 was submitted to the Clerk's Office in connection with a prior motion for admission *pro hac vice* in related case Parker-Hannifin Corp. v. Seiren Co. Ltd. (Civil Action No. 1:07-cv-00104-***).

Date: October 19, 2007                Signed:   */s/ Steven A. Nash*
                                                Steven A. Nash, Esquire
                                                Connolly Bove Lodge & Hutz LLP
                                                1007 North Orange Street
                                                P.O. Box 2207
                                                Wilmington, Delaware 19899

                                                Admitted in Pennsylvania

## CERTIFICATE OF SERVICE

I hereby certify that October 19, 2007, a true copy of the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

>George Pazuniak
>Anna Martina Linnea Tyreus
>James Michael Lennon
>Stephen James MacKenzie
>Womble Carlyle Sandridge & Rice
>222 Delaware Avenue
>Wilmington, Delaware 19801

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)