# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARKER-HANNIFIN CORPORATION, and PARKER INTANGIBLES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SCHLEGEL ELECTRONIC MATERIALS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) Civil Action No.0 7-cv- 00266-*** ) ) ) ) ) |
| SCHLEGEL ELECTRONIC MATERIALS, INC., <br><br> Counterclaimant, <br><br> v. <br><br> PARKER-HANNIFIN CORPORATION, <br><br> Counter-Defendant. | ) ) ) ) ) ) ) ) ) ) ) |

## SCHEDULING ORDER

This _24_ day of _October_, 2007, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.1(a) on, _October 24_, **2007**, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of

1

Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc.,P olicies & Procedures, Ad HocC ommittee for Electronic Discovery), andi s incorporated herein by reference.

2.   Joinder of other Parties and Amendment of Pleadings.  All motions to join other parties shall be filed on orb efore **February 8, 2008**. All motions to amend or supplement the pleadings shall be filed on or before **March 21, 2008**.

3.   Discovery

   a.   Limitation on Hours for Deposition Discovery.  Each side is limited to a total of **120** hours of taking testimony by deposition upon oral examination.

   b.   Location of Depositions.  Any party or representative (officer, director, or managing agent) of a party filing a civila ction in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

   c.   Discovery Cut Off.  All discovery in this case shall be initiated so that it will be completed on or before **May 30, 2008**. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

   d.   Disclosure of Expert Testimony.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on orb efore **August15 , 2008**. The supplemental disclosure to contradict orr ebut evidence on the same matter identified by another party is due on or before **September 15, 2008**. Along with

the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Expert depositions shall be completed by **November 14, 2008**.

   e. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be madeb y motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

   f. <u>Discovery Disputes</u>. Should counsel findt heya re unable tor esolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed anda summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for reliefm ay file a letter, not to exceed three pages, outlining that party's reasons fori ts opposition. **Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filingt he document(s).** Shouldt he Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the firsti nstance in accordance with this paragraph.

  4. <u>Application to Courtf or Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attemptt o reach an agreement on a proposed

form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>ADR Process</u>. To be discussed during the Rule 16 conference.

7. <u>Interim Status Report</u>. On **January 31, 2008**, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference</u>. On **February 7, 2008**, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at **4:00 p.m**. Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

4

9.  Tutorial Describing the Technology and matters in Issue. To be discussed and considered at the Status Conference described in paragraph 8 of this Order.

10. Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on orb efore **December 15, 2008**. Briefing will be presented pursuant to the Court's Local Rules.

11. Claim Construction Issue Identification. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **April 15, 2008**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those claim term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **June 30, 2008**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shallb e submitted with this Joint Claim Construction Chart. In this joints ubmission, the parties shall not provide argument.

12. Claim Construction. The parties shall contemporaneously submit initial briefs on claim construction issues on **June 13, 2008**. The parties' answering/responsive briefs shall be contemporaneously submitted on **July 16, 2008**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

\*   13.   Hearing on Claim Construction. Beginning at **9:00 a.m.** on **July 31, 2008,** the Court will hear evidence and argument on claim construction and summary judgment.

\*   14.   Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

\*   15.   Pretrial Conference. On _____, 200_ the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at ___ _.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before _____,20 0 .

\*   16.   Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

\*   17.   Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire,

instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

✶ 18.   **Trial**. This matter is scheduled for an 8 day jury trial beginning at 9:30 a.m. on _____, 200\_, with the remaining trial days beginning at 9:00 a.m. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of **20** hours to present their case.

In light of the fact that this matter is assigned to the vacant judgeship, dates contained in paragraphs with an asterisk (*) are proposed, tentative dates subject to change. Those paragraphs without dates will be completed at a later time, or discussed during the status conference.

_____
UNITED STATES MAGISTRATE JUDGE

570520v1