IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PARKER-HANNIFIN CORPORATION, and PARKER INTANGIBLES, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 1:07-cv-266 |
| SCHLEGEL ELECTRONIC MATERIALS, INC., | ) ) ) | |
| Defendant. | ) ) | |
| SCHLEGEL ELECTRONIC MATERIALS, INC., | ) ) ) | |
| Counterclaimant, | ) ) | |
| v. | ) ) | |
| PARKER-HANNIFIN CORPORATION, | ) ) | |
| Counter-Defendant. | ) | |

**ANSWER OF PARKER-HANNIFIN CORPORATION
TO DEFENDANT'S AMENDED COUNTERCLAIMS**

Plaintiff and Counter-Defendant, Parker-Hannifin Corporation (hereinafter "Parker"), hereby answers the counterclaims filed by Defendant and Counterclaimant, Schlegel Electronic Materials, Inc. (hereinafter "Schlegel") as follows:

18.    Parker responds to Paragraph 18 of Schlegels' Amended Answer and Counterclaims to the extent that it is incorporated by reference into Counterclaim Paragraph 31. Parker denies each of the allegations set forth in the initial sentence of Paragraph 18, but admits that subparagraphs a. through bb. contain the bases of Schlegel's counterclaim.

a.    Parker admits the allegations of subparagraph a.  Parker adopts the definition of "Cameron Applications" as set forth in subparagraph 18a.

b.    Parker admits the allegations of subparagraph b.

c.    Parker admits the allegations of subparagraph c.

d.    Parker admits the allegations of subparagraph d.

e.    Parker admits the allegations of subparagraph e, except that the designation "converted" is a conclusion of law to which no responsive pleading is required.

f.    Parker admits the allegations of subparagraph f.

g.    Parker admits that 37 C.F.R. §1.56(e) is quoted.  The remaining averments of this paragraph are conclusions of law to which no responsive pleading is required.

h.    The averments of this paragraph are internal definitions or conclusions of law to which no responsive pleading is required.

i.    Parker admits that Michael Bunyan filed provisional application No. 60/105,271 on October 22,1998.  Parker denies that all Applicants (as defined in Schlegel's Amended Answer and Counterclaims) filed provisional application No. 60/105,271.  Parker Denies that any Cameron Application was filed on October 22, 1998. Parker admits that application No. 09/412,059 was filed on October 4, 1999, claiming priority to provisional application No. 60/105,271.  Whether provisional application No. 60/105,271 was converted into application No. 09/412,059 is a conclusion of law to which no responsive pleading is required.  Parker admits that Molnar was the prosecuting attorney and that Bunyan is the named inventor.  Parker admits that Duc Truong was the

PTO examiner for application No. 09/412,059. Whether or not Duc Truong was the examiner for provisional application No. 60/105,271 is a conclusion of law to which no responsive pleading is required. Parker admits that application No. 09/412,059 issued as U.S. Pat. No. 6,410, 137 ("the '137 patent") on June 25, 2002. Parker adopts the definition of "Truong Application" as set forth in subparagraph 18i.

    j.  Parker admits the allegations set forth in the Cameron Applications Timeline. In the Truong Application Timeline, Parker admits that provisional application No. 60/105,271 was filed on October 22, 1998, but denies that application No. 09/250,338 was filed on October 4, 1999 or issued as the '393 patent on June 25, 2002.

    k.  Parker admits that the Truong Application included the quoted passage, which speaks for itself.

    l.  Parker admits that the Cameron Applications include the quoted passage. Parker denies that the passage is nearly identical to the passage set forth in subparagraph 18k.

    m.  Parker admits that the Cameron Applications include the quoted passage. Parker denies that the Cameron Applications use the word "define" in its description of the quoted passage.

    n.  The averments of this paragraph are conclusions of law to which no responsive pleading is required. To the extent the averments seek to characterize or paraphrase the patent applications, the patent applications speak for themselves.

    o.  Parker denies each and every allegation of subparagraph o.

    p.  Parker admits the allegations of subparagraph p.

q.     Parker admits that the Truong Application describes a unique combination of flame retardant additives including "a halogenated first flame retardant component, an metal oxide-based second flame retardant component, and a filler component of expandable, intercalated graphite particles." Parker denies that the Truong Application describes the combination as required to achieve the referenced rating, except with respect to the conditions set forth therein; the Truong application speaks for itself on this point.

r.     Parker admits that the Truong Application includes the passage:

> The ... results confirm that the EMI shielding material of the present invention is UL94 V-0 compliant when used as a jacketing in a fabric-over-foam gasket construction. Unexpectedly, it was found that the use of a unique combination of three different flame retardant additives was critical in the use of any of the additives alone or without one of the other additives was insufficient to meet the required UL-V0 criteria.

Parker denies that the Truong Application teaches that the three-part mixture was critical to achieve a UL 94 V-0 rating, except with respect to the conditions set forth therein; the Truong application speaks for itself on this point. Parker admits that Molnar filed an Amendment and Response on January 25, 2002, but denies that he distinguished certain prior art on the sole basis that the prior art did not disclose the graphite component. Parker admits that the Amendment and Response included an argument with the passage:

> [u]nexpectedly, it has been observed that such flame retardant additive combination functions synergistic. In this regard, each of the components separately has been observed not to impart flame retardancy to the PSA composition effective to achieve UL94 V-0 protection within a fabric or foil over foam EMI shielding gasket construction.

s.       Parker denies the allegations of subparagraph s, except with respect to the conditions set forth in the Truong Application.  Parker adopts the definition of "Test Results" as set forth in subparagraph s.

t.       Parker denies that the Cameron Applications do not mention graphite.  Parker admits that the Cameron Applications do not disclose that graphite was necessary to achieve a V-0 rating; the Cameron Applications speak for themselves with regard to their disclosure.  Parker further admits that the following passage is found in the Cameron Applications:

> Flame retardancy may be imparted by loading the emulsion with … one or more conventional flame retardant additives such as aluminum hydrate, antimony trioxide, phosphate esters, or halogenated compounds such as polybrominated diphenyl oxides.

Parker denies the remaining averments in subparagraph t.

u.       Parker admits that the Cameron Applications do not disclose that formulations without graphite failed to achieve a V-0 rating; the Cameron Applications speak for themselves with regard to their disclosure.  Parker denies the remaining averments in this paragraph.

v.       Parker denies that the Test Results are inconsistent with the Cameron Applications.  Parker denies that the Cameron Applications do not mention graphite.  Parker admits that the Cameron Applications do not require a three-part combination of flame retardants to achieve a UL V-0 rating.  Parker denies that the Test Results were "undisclosed"; for example, they were disclosed in the Truong Application.  Parker admits that the Cameron Applications included at least three issued claims reciting the elements referenced in subparagraph 18v.

w.       Parker denies each and every allegation of subparagraph w.

   x.  Parker admits that the initial office action in the Truong Application rejected all pending claims over the combination of Petras and Krassowski, and included the referenced language. The Petras patent speaks for itself with regard to its disclosure. Parker admits that Molnar filed an Amendment and Response on January 25, 2002. All other allegations in this paragraph are denied.

   y.  The Petras patent speaks for itself with regard to its disclosure. Parker admits that the scope of at least some claims of the Cameron Applications include coatings with halogenated and metal oxide flame retardant additives. All other allegations in this paragraph are denied.

   z.  Parker admits the allegations of subparagraph z.

   aa.  Parker admits that the Truong Application, Test Results, and Petras were not disclosed in the Cameron Applications. The materiality of these references and all other allegations in this paragraph are denied.

   bb.  Parker denies each and every allegation of subparagraph bb.

## COUNTERCLAIMS

20.  Parker is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Counterclaims and they are therefore denied.

21.  Parker admits the allegations contained in Paragraph 21 of the Counterclaims.

## Jurisdiction And Venue

22.    Parker admits the allegations contained in Paragraph 22 of the Counterclaims.

23.    Parker admits the allegations contained in Paragraph 23 of the Counterclaims.

## Schlegel's Patents

24.    Parker admits that United States Patent No. 5,045,635 (hereinafter "the '635 patent") was issued on September 3, 1991, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that it was duly and legally issued and that it is owned by Schlegel, and therefore denies same.

25.    Parker admits that United States Patent No. 5,105,056 (hereinafter "the '056 patent") was issued on April 14, 1992, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that it was duly and legally issued and that it is owned by Schlegel, and therefore denies same.

26.    Parker denies each and every allegation contained in Paragraph 26 of the Counterclaims.

27.    Parker denies each and every allegation contained in Paragraph 27 of the Counterclaims.

28.    Parker denies each and every allegation contained in Paragraph 28 of the Counterclaims.

29.    Parker denies each and every allegation contained in Paragraph 29 of the Counterclaims.

## Declaration Of Invalidity

30.　　Parker denies each and every allegation contained in Paragraph 30 of the Counterclaims.

## Declaration of Unenforceability

31.　　Parker denies each and every allegation contained in Paragraph 31 of the Counterclaims.  Parker incorporates its responses to paragraph 18 by reference.

## Affirmative Defenses To Schlegel's Counterclaims

32.　　Schlegel is barred from asserting the '635 and/or '056 patents against Parker and Parker's products and/or recovering damages for same under the doctrine of laches.

33.　　Upon information and belief, the claims of Schlegel's '635 and/or '056 patents are invalid for failure to satisfy the requirements of the United States patent laws, 35 U.S.C. §§ 101 et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

34.　　Upon information and belief, Schlegel is estopped from asserting the '635 and '056 patents against Parker's products and/or recovering damages by virtue of amendments and statements made during the course of prosecution of the '635 and '056 patents from obtaining any construction of the claims of these patents that could cover any of Parker's products and the methods by which those products are made.

35.　　On information and belief, Schlegel has failed to comply with the provisions of 35 U.S.C. § 287(a) and is therefore barred from recovery of any damages prior to service of the Complaint.

36.    Schlegel is barred under 35 U.S.C. § 286 from recovering any damages for activity that occurred more than six (6) years prior to the filing of its Counterclaims.

### Prayer For Relief

WHEREFORE, Plaintiff and Counter-Defendant, Parker-Hannifin Corporation prays that Schlegel's Counterclaims be dismissed with prejudice, that Schlegel take nothing by reason of its Counterclaims, that Parker be awarded the relief sought in its First Amended Complaint, its attorneys' fees, costs and expenses in this action, and that the Court grant Parker such other and further relief as the Court may deem just and proper.

Respectfully submitted

**CONNOLLY BOVE LODGE & HUTZ, LLP**

By:    /s/ Francis DiGiovanni
       Rudolf E. Hutz (#484)
       Francis DiGiovanni (#3189)
       Steven A. Nash (PA #85707 – admitted pro hac vice)
       The Nemours Building
       1007 N. Orange Street
       Wilmington, DE  19899
       Phone (302) 658-9141
       rhutz@cblh.com
       fdigiovanni@cblh.com
       snash@cblh.com

Dated:  January 18, 2008        *Attorneys for Plaintiffs*

586479v1

9

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification to counsel of record, who are registrants of the Court's CM/ECF system, that such filing is available for viewing and downloading. I further certify that on even date, I caused a copy of the foregoing documents to be served upon the following in the manner indicated:

**BY Hand Delivery**

George Pazuniak
Anna Martina Linnea Tyreus
James Michael Lennon
Womble Carlyle Sandridge & Rice
222 Delaware Avenue
Wilmington, Delaware 19801

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)